```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
ERIN JOHNSON,                        :    16 Civ. 1805 (JPO)(JCF)
                                     :
              Plaintiff,             :    ORDER
                                     :
    - against -                      :
                                     :
J. WALTER THOMPSON U.S.A., LLC,      :
J. WALTER THOMPSON COMPANY, LLC,     :
WPP PLC, and GUSTAVO MARTINEZ,       :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/17

Defendants J. Walter Thompson U.S.A., LLC, J. Walter Thompson Company, LLC ("JWT"), and WPP plc ("WPP") (collectively, the "Corporate Defendants") have moved to compel discovery and for additional time for plaintiff's deposition (Docket no. 144); defendant Gustavo Martinez has moved to compel discovery and for a protective order (Docket no. 147); and plaintiff Erin Johnson has moved to compel discovery from both defendant Martinez (Docket no. 150) and from the Corporate Defendants (Docket no. 152). The motions are resolved as follows:

   1. Plaintiff shall produce a damages calculation for emotional distress and reputational injury only insofar as she seeks "special" damages such as reimbursement for therapy or compensation for specific lost job opportunities. To the extent she seeks garden variety emotional distress damages or compensation for general reputational injury, no "calculation"

1

would be meaningful. Since plaintiff has disclaimed any intention of suggesting a specific dollar amount or range for non-economic damages to the jury (Declaration of Anne C. Vladeck dated Oct. 6, 2017 ("Vladeck Decl."), ¶ 13), no estimate of such damages is required. See Ritchie v. Sempra Energy, No. 10 cv 1513, 2014 WL 12637955, at *7 (S.D. Cal. Aug. 4, 2014); E.E.O.C. v. Wal-Mart Stores, Inc., 276 F.R.D. 637, 639 (E.D. Wash. 2011).

2. Plaintiff has not waived the attorney-client privilege for communications with her counsel by failing to log them. Direct communications between attorney and client are generally treated categorically, and creation of a log would be make-work; indeed, defendants have not logged such communications. (Vladeck Decl., ¶ 30).

3. Plaintiff shall produce any documents relating to unsolicited inquiries regarding job opportunities that she received after the filing of this action, as that information is relevant to her claim of reputational injury.

4. Plaintiff shall produce any substantive communications between her and the press about this litigation, the merits of the lawsuit, or any efforts she made to publicize the lawsuit.

5. Plaintiff shall appear for a continuation of her deposition for a total of no more than 10 additional hours.

6. Defendant Martinez shall produce the requested information concerning his compensation on an attorneys'-eyes-only basis.

Disclosure of this information would be premature if it were sought only in relation to a claim for punitive damages. See Copantitla v. Fiskardo Estiatorio, Inc., No. 09 Civ. 1608, 2010 WL 1327921, at *16 (S.D.N.Y. April 5, 2010). However, it is also relevant here in connection with plaintiff's claim of retaliation by the Corporate Defendants based on how they treated defendant Martinez in relation to how they treated her.

7. Defendant Martinez shall appear in New York for a continuation of his deposition for no more than one day (7 hours).

8. My August 9, 2017 Memorandum and Order (the "8/9/17 Order) and my September 15, 2017 Order (the "9/15/17 Order") are clarified as follows: (a) the 9/15/17 Order applies to materials submitted by the Corporate Defendants in August 2017, and privilege was not waived as to those materials; (b) reference in the 8/9/17 Order to communications regarding Proskauer's conclusions being discoverable includes oral as well as written communications; and (c) the non-substantive materials referred to in the 9/15/17 Order are irrelevant and need not be produced.

9. The Proskauer Report shall remain under seal until such time as the Corporate Defendants affirmatively indicate that they will use it in connection with the litigation.

10. Martin Sorrell shall not be recalled for further deposition testimony.

11. With respect to the Corporate Defendants' email search:

a. The Corporate Defendants shall expand their email searches to cover the time period from February 1, 2014 through September 15, 2017. For example, derogatory comments toward or about women may be evidence of a hostile environment even if they occurred prior to plaintiff's employment, see Schwapp v. Town of Avon, 118 F.3d 106, 111-12 (2d Cir. 1997), and they are also relevant to defendant Martinez's credibility. Similarly, communications after plaintiff's return to work are relevant to her claim of ongoing retaliation.

b. The Corporate Defendants need not search the email of the additional custodians proposed by plaintiff. Plaintiff has offered no reason to believe that the information possessed by these custodians would be materially different from that already produced by other witnesses with the exception of Jeff Benjamin, and as to Mr. Benjamin, the Corporate Defendants have executed a targeted search. (Declaration of Howard J. Rubin dated Oct. 6, 2016 [sic] ("Rubin Decl."), ¶ 25).

c. The Corporate Defendants shall search the electronic files of Jinal Shah, Anaka Kobzev, and Jocelyn Weiss-Malas for comments and incidents potentially reflecting bias by defendant Martinez beyond simply those relating to the words "rape" or "hogtie."

d. The Corporate Defendants shall search the electronic files of Jinal Shah, Keni Thacker, and Perry Fair for documents

relating to the allegations of the Complaint, including but not limited to the Miami meeting.

e. The Corporate Defendants shall search the electronic files of Mark Linaugh for the period identified in paragraph 11(a) above but need not expand the substantive scope of their search.

f. The Corporate Defendants need not search defendant Martinez's electronic files for individual names standing alone.

g. The Corporate Defendants shall search the electronic files of Lew Trencher, Laura Agostini, and plaintiff for the period identified in paragraph 11(a) above but need not repeat the search already conducted. (Rubin Decl., ¶ 29).

h. The Corporate Defendants shall search the electronic files of defendant Martinez in Spanish and Italian using translations of the relevant key words already applied.

12. With respect to the Corporate Defendants' production:

a. The Corporate Defendants have adequately explained the absence of documents regarding the recruitment and hiring of defendant Martinez. (Corporate Defendants' Memorandum of Law in Opposition to Plaintiff's Motion Seeking Clarification of Certain Court Orders; Her Motion to Lift a Protective Order; and Her Motion to Compel Discovery From Corporate Defendants ("Corp. Def. Opp. Memo.") at 17).

b. The Corporate Defendants have adequately explained the absence of documents regarding defendant Martinez's language

proficiencies. (Corp. Def. Opp. Memo. at 17-18).

c. The Corporate Defendants shall produce documents sufficient to show how plaintiff's bonuses were calculated for the period 2011 through the present, as these are relevant to her retaliation claim.

d. The Corporate Defendants have produced and/or adequately explained the absence of documents regarding the cancellation of the 2015 London meeting, the decision not to send plaintiff's team to London to receive an award, and the removal of her "thought leadership" duties. (Rubin Decl., ¶¶ 31-32).

e. The Corporate Defendants have adequately searched for documents concerning defendant Martinez's negative opinion of other female employees. (Corp. Def. Opp. Memo. at 18).

f. The Corporate Defendants have adequately searched for documents concerning the knowledge of persons who submitted affidavits. (Corp. Def. Opp. Memo. at 18).

g. The Corporate Defendants shall produce the requested insurance policies. See Fed. R. Civ. P. 26(a)(1)(A)(iv).

h. The Corporate Defendants shall produce documents sufficient to show the terms of each engagement of defendant Martinez by WPP following his separation from JWT.

i. The Corporate Defendants need not produce "all documents reflecting the personal and professional relationship of Martinez with the individuals that defendants have identified in

6

their disclosures" (Plaintiff's Memorandum of Law in Support of Her Motion Seeking Clarification of Certain Court Orders; Her Motion to Lift a Protective Order; and Her Motion to Compel Discovery from Corporate Defendants at 18), as this request is overbroad.

j. The Corporate Defendants need not produce documents reflecting the bonuses awarded to "comparators," as plaintiff has not adequately defined the set of persons reasonably considered comparators.

k. The Corporate Defendants need not produce documents reflecting defendant Martinez's opinions about living in Westchester and the Jewish residents there, as this request is overbroad.

l. The Corporate Defendants need not produce EEO complaints made by other employees concerning sex discrimination, sexual harassment, hostile work environment, or retaliation, as this request is overbroad.

m. The Corporate Defendants need not produce all documents concerning plaintiff's relationship with defendant Martinez as this request is overbroad.

n. The Corporate Defendants need not produce the communications with Finsbury Communications identified as privileged. In contrast to Calvin Klein Trademark Trust v. Wachner, 198 F.R.D. 53, 54 (S.D.N.Y. 2000), this is the unusual

7

case in which the public relations firm effectively fills the role of a corporate employee in communicating with outside counsel, see In re Copper Market Antitrust Litigation, 200 F.R.D. 213, 220 (S.D.N.Y. 2001).

o. The Corporate Defendants have represented that all video recordings of defendant Martinez have been produced, and they need not respond further to this request. (Rubin Decl., ¶¶ 3, 18).

p. The Corporate Defendants have adequately responded to plaintiff's requests for documents relating to the reassignment of her job responsibilities. (Rubin Decl., ¶¶ 18, 24, 33; Corp. Def. Opp. Memo. at 24-25).

13. With respect to defendant Martinez's discovery responses:

a. Courts view the self-collection of data with skepticism. See Markey v. Lapolla Industries, Inc., No. 12 CV 4622, 2015 WL 5027522, at *21 (E.D.N.Y. Aug. 25, 2015) (criticizing process and imposing sanctions where "the attorneys had little to no direct contact with Plaintiffs during the process of gathering the responsive documents"); Northington v. H & M International, No. 08-CV-6297, 2011 WL 663055, at *17 (N.D. Ill. Jan. 12, 2011) (finding defendant at fault where it "never tasked anyone other than the custodians themselves to search their computer hard drives, hard copy documents, or other sources for potentially relevant evidence"); Pension Committee of the University of

Montreal Pension Plan v. Banc of America Securities, LLC, 685 F. Supp. 2d 456, 473 (S.D.N.Y. 2010) (finding process ineffective where counsel's "directive places total reliance on the employee to search and select what that employee believed to be responsive records without any supervision from Counsel"), abrogated on other grounds by Chin v. Port Authority of New York & New Jersey, 685 F.3d 185 (2d Cir. 2012). That is particularly so where, as here, the individual asked to collect responsive information is an alleged wrongdoer. As one court has reasoned:

> [D]efendant directed just three employees (one of whom was at the center of plaintiff's complaints) to search their own email without help from counsel and to cull from that email what would be relevant documents. It is unreasonable to allow a party's interested employees to make the decision about the relevance of such documents, especially when those same employees have the ability to permanently delete unfavorable email from a party's system. . . . Most non-lawyer employees . . . do not have enough knowledge of the applicable law to correctly recognize which documents are relevant to a lawsuit and which are not. Furthermore, employees are often reluctant to reveal their mistakes or misdeeds.

Jones v. Bremen High School District 228, No. 08 C 3548, 2010 WL 2106640, at *7 (N.D. Ill. May 25, 2010). Counsel shall therefore review defendant Martinez's personal email account and electronic devices and produce any information responsive to plaintiff's discovery requests that has not yet been disclosed.

  b. Defendant Martinez need not produce information regarding the Revlon lawsuit as it is irrelevant.

  c. Defendant Martinez need not produce documents

9

reflecting his opinions about living in Westchester and the Jewish residents there, as this request is overbroad.

    d. Defendant Martinez shall produce documents sufficient to show the terms of each of his engagements by WPP following his separation from JWT.

14. Each party shall fully comply with the terms of this Order within 30 days.

                  SO ORDERED.

*James C. Francis IV*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       October 25, 2017

Copies transmitted this date:

Anne C. Vladeck, Esq.
Debra L. Raskin, Esq.
Jeremiah J. Iadevaia, Esq.
Joshua Tarrant-Windt, Esq.
Vladeck, Raskin & Clark, PC
565 Fifth Ave., 9th Floor
New York, NY 10017

Howard J. Rubin, Esq.
Jennifer T. Klausner, Esq.
Judith Kong, Esq.
Sharon S. Cohen, Esq.
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019

Ricki E. Roer, Esq.
Celena R. Mayo, Esq.
Nancy V. Wright, Esq.
Alexandra Manfredi, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
150 E. 42nd St.
New York, NY 10017

Ricki E. Roer, Esq.
Celena R. Mayo, Esq.
Nancy V. Wright, Esq.
Alexandra Manfredi, Esq.